# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

June 1, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TERRI L. GLAZE,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0943**  (BOR Appeal No. 2049482)
                        (Claim No. 960032868)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**GATEWAY FOODS OF PENNSYLVANIA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terri L. Glaze, by Ronald Harman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Brandolyn Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 11, 2014, in which the Board affirmed a May 23, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 4, 2013, decision denying a request for authorization of a TENS unit, a back brace, and lumbar facet joint injections. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Glaze injured her lumbar spine on December 22, 1995, when she attempted to move a sixty pound box of produce during the course of her employment with a wholesale food distributor. Following the injury, she received an extended course of conservative therapy. On March 1, 1996, the claim was held compensable for a lumbosacral sprain. Ms. Glaze eventually sought treatment with Ali El-Mohandes, M.D., who noted on October 9, 2013, that she presented with complaints consistent with degenerative disc disease, which was observed at L4-5 and L5-S1 on earlier radiographic imaging; facet arthropathy; and myofascial pain syndrome. He requested authorization of a TENS unit to treat myofascial pain syndrome, lumbar facet joint injections, and a back brace for the purpose of providing lateral stabilization and pain control.

On November 4, 2013, the claims administrator denied authorization for the requested medical treatment. In its Order affirming the November 4, 2013, claims administrator's decision, the Office of Judges held that the requests for authorization of TENS unit, back brace, and lumbar facet joint injections do not relate to the compensable lumbosacral sprain. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated September 11, 2014. On appeal, Ms. Glaze argues that because an April 26, 2006, Permanent Total Disability Review Board decision denying Ms. Glaze's request for permanent total disability benefits included a whole person impairment rating for degenerative disc disease when calculating her amount of whole person impairment, degenerative disc disease is therefore a compensable component of the instant claim and she is thereby entitled to the requested medical treatment.

At the outset, it is noted that the record indicates that only the issue of compensability pertaining to the lumbosacral sprain has been fully litigated. A request does not appear to have been filed to add degenerative disc disease, myofascial pain syndrome, or facet arthropathy as compensable components of the claim. Further, it is noted that although the Office of Judges and Ms. Glaze apparently attribute the request for a back brace, a TENS unit, and lumbar facet joint injections to the presence of degenerative disc disease, Dr. El-Mohandes did not specifically attribute any of the requested treatment solely to the presence of degenerative disc disease. Dr. El-Mohandes requested a TENS unit for the treatment of myofascial pain syndrome and presumably requested lumbar facet injections to treat facet arthropathy, neither of which are compensable components of the claim. Additionally, the compensability of degenerative disc disease has never been litigated and a request to add degenerative disc disease as a compensable component has never been filed. As was noted by the Office of Judges, the only diagnosis whose compensability has been fully and fairly litigated is a lumbosacral sprain, and the evidence of record indicates that none of the medical treatment at issue in the instant appeal was requested for the treatment of a lumbosacral sprain.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 1, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II